UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

CHRISTOPHER A. HENRY,

            Plaintiff,

-against-

MALE C.O. BROWN,

            Defendant.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
14-CV-2828 (KAM)

MATSUMOTO, United States District Judge.

      Plaintiff Christopher A. Henry, currently being held at the Mid-Hudson Forensic Psychiatric Center, filed this *pro se* action on May 1, 2014. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the complaint is dismissed. Plaintiff is granted thirty (30) days from the entry of this Order to file an amended complaint.

## STANDARD OF REVIEW

      *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 93 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-92 (2d Cir. 2008). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

However, under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.; Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act ("PLRA"), *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

## BACKGROUND

It is unclear from the instant complaint what plaintiff's federal cause of action is against the named defendant, as he supplies no facts. Plaintiff merely states that he is seeking monetary relief and seeks for "C.O. Brown [to] go to prison for assault and attempted murder permanent trauma." Compl. at 4, ¶ V. Plaintiff also includes a discharge form dated November 21, 2013, from the Emergency Room of SUNY Downstate Medical Center at LICH, which indicates that he was treated for an "abrasion, a scrape of the outer skin layers." Id. at 2-3. In addition, the complaint, as numbered by plaintiff, appears to be missing pages 2-4.

## DISCUSSION

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each defendant named so that each defendant has adequate notice of the claims against them. Iqbal, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and

2

to know whether there is a legal basis for recovery. See Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995) (defining "fair notice" as "that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial." (internal quotation marks and citation omitted)).

## CONCLUSION

Accordingly, the complaint is dismissed without prejudice. 28 U.S.C. § 1915(e)(2)(B). In light of this Court's duty to liberally construe *pro se* complaints and in an abundance of caution, plaintiff is given thirty (30) days leave to file an amended complaint. Cruz v. Gomez, 202 F.3d 593, 597-98 (2d Cir. 2000) (holding that, even where a complaint is dismissed pursuant to Section 1915, a *pro se* plaintiff proceeding *in forma pauperis* should have the opportunity to amend his or her complaint).

Plaintiff is directed that his amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure. Should plaintiff elect to file an amended complaint, the amended complaint must state the basis for federal jurisdiction and must set forth the factual allegations to support his claims against the named defendant. Plaintiff must identify the defendant in both the caption and the body of the amended complaint, and name as a proper defendant the individual who has some personal involvement in the actions he alleges in the amended complaint. Plaintiff must also provide the dates and locations for each relevant event. Even if plaintiff does not know the name of the individual, he may identify the individual as John or Jane Doe, along with a descriptive information and place of employment.

Plaintiff is advised that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, plaintiff must include in the amended complaint all the necessary information that was contained in the original complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order.

If plaintiff fails to comply with this order within the time allowed, judgment shall enter. No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 269 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully requested to serve a copy of this order on plaintiff at the address listed on the docket sheet.

SO ORDERED.

/S/ Judge Kiyo A. Matsumoto
───────────────────────────
KIYO A. MATSUMOTO
United States District Court

Dated: Brooklyn, New York
May 19, 2014