UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
CHRISTOPHER HENRY,

                Plaintiff,

         -against-

CORRECTION OFFICER ERINN BROWN

                Defendant.
-------------------------------------------------------------------x

**MEMORANDUM OF DECISION AND ORDER**

14-cv-2828 (LDH)(LB)

D<small>E</small>ARCY HALL, United States District Judge:

      Pro se Plaintiff, Christopher Henry, initiated this action on May 1, 2014, alleging that Defendant, Correction Officer Erinn Brown, used excessive force against him in violation of 42 U.S.C. § 1983. Before the Court is Defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.[1] For the reasons that follow, Defendant's motion is granted in its entirety.

## BACKGROUND

      During the time period relevant to this action, Plaintiff was an inmate at the Anna M. Kross Facility at Riker's Island. (Byrns Decl. Ex. E at NYC000016, ECF No. 54-6; Ex. H, ECF No. 54-9.) On November 21, 2013, Plaintiff was being held in a cell in Kings County Supreme Court. (Am. Compl. ¶ IV, ECF No. 16.) Plaintiff alleges that while he was standing in the doorway of the cell, Defendant pushed him. (*Id*.) As a result, Plaintiff allegedly fell and hit his left leg on a metal bench, causing an injury so severe that Plaintiff almost lost his leg. (*Id*.) Plaintiff further alleges that he hit his head during the fall, rendering him unconscious for an

---

[1] Defendant filed the instant motion on April 28, 2016. (Def.'s Mot. Summ. J., ECF No. 51.) Plaintiff's opposition appears to consist solely of a response to Defendant's Rule 56.1 Statement and portions of Defendant's exhibits D, E, and J, as well as a resubmission of one page of the Amended Complaint. (Pl.'s Opp'n Summ. J., ECF No. 55.)

hour and fifteen minutes and close to death. (*Id*.; Byrns Decl. App. 1 ("Joint Dep. Tr.") at 90:11-23, 92:6-93:1, ECF No. 54-1.)

The fire department was dispatched to transport Plaintiff to the hospital. (Am. Compl. ¶ IV.A; Byrns Decl. Ex. C, at NYC000166, ECF No. 54-4.) According to the fire department's Pre-Hospital Care Report Summary ("Pre-Hospital Report"), Plaintiff's chief complaint at the scene was a cut on his lower left leg, which was described as a three-inch scab with minor bleeding. (Byrns Decl. Ex. C at NYC000166-167.) The Pre-Hospital Report further noted that the cut reportedly resulted from Plaintiff picking an old scab. (*Id.* at NYC000167.) The cut was treated to control any bleeding and a dressing was applied. (*Id*.) The healthcare provider did not observe any other medical problems. (*Id*. at NYC000166.) Plaintiff walked to the ambulance with assistance, and was thereafter transported to SUNY Downstate Medical Center ("SUNY Downstate"). (*Id*.; *see also* Byrns Decl. Ex. D, ECF No. 54-5.)

When Plaintiff arrived at SUNY Downstate, Plaintiff was observed as "ambulatory." (Byrns Decl. Ex. D, at NYC000188.) There again, Plaintiff's chief complaint was "a cut on his left knee." (*Id*.) Specifically, Plaintiff complained of pain in his left knee after a "scab fell off." (*Id*. at NYC000189.) Upon examination, Plaintiff was not found to be in any apparent distress. (*Id*.) Plaintiff was, however, diagnosed as having an abrasion that "appear[ed] raw and [was] bleeding slightly." (*Id*.) No other lesions or exudate were observed. (*Id*.) No head injury was indicated. Instead, Plaintiff's head was diagnosed as "[n]ormocephalic" and "atraumatic." (*Id*.)

The treating physician prescribed an antibiotic cream to be applied to his cut twice daily and Tylenol with codeine for pain. (*Id*. at NYC000190.) Plaintiff was discharged into police custody the same day. (*Id*. at NYC000194.) Plaintiff's medical records noted that, at the time of discharge, "Patient's condition [was] satisfactory" and his "[d]ischarge mode [was] ambulatory."

(*Id*. at NYC000194-95.) Plaintiff was instructed to follow up with his doctor in two to four days. (*Id*.)

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, a federal district court must grant summary judgment upon a motion and finding that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). An issue of fact is material if it might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248. The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Feingold v. New York*, 366 F.3d 138, 148 (2d Cir. 2004). Once the moving party meets its burden by making a prima facie showing that there are no genuine issues of material fact, the non-moving party may defeat summary judgment only by producing evidence of specific facts that raise a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *see also Anderson*, 477 U.S. at 256; *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002). Although "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor," *Anderson*, 477 U.S. at 255, it is "insufficient for a party opposing summary judgment 'merely to assert a conclusion without supplying supporting arguments or facts.'" *Castro v. County of Nassau*, 739 F. Supp. 2d 153, 165 (E.D.N.Y. 2010) (quoting *Bellsouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996)). Thus, summary judgment is appropriate in circumstances where there is "nothing in the record to support [a] plaintiff's allegations other than [the] plaintiff's own contradictory and incomplete testimony." *Jeffreys v. City of New York*, 426 F.3d 549, 555 (2d Cir. 2005). Where, as here, the plaintiff is proceeding pro se, the Court must "read[] his papers liberally . . . interpret[ing] them

as raising the strongest arguments they suggest." *Davis v. Klein*, No. 11-cv-4868, 2013 WL 5780475, at *2-3 (E.D.N.Y. Oct. 25, 2013) (citing *Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001)).

## DISCUSSION

I.      Excessive Force under 42 U.S.C. § 1983

A plaintiff may defeat a motion for summary judgment where a court determines that a reasonable jury could find that excessive force was used against him. *See Griffin v. Crippen*, 193 F.3d 89, 91 (2d Cir. 1999) (determining that dismissal of excessive force on summary judgment was inappropriate where a reasonable jury would not be precluded from finding that officers used excessive force). However, where undisputed medical records "*directly and irrefutably* contradict a plaintiff's descriptions of his injuries" attributed to an alleged use of excessive force, "no reasonable jury could credit plaintiff's account of the happening." *Davis v. Klein*, 2013 WL 5780475, at *4 (citing *Bove v. City of New York*, No. 98-cv-8800, 1999 WL 595620, at *6 (S.D.N.Y. Aug. 6, 1999)) (emphasis in original). In such cases, courts have dismissed excessive force claims and granted summary judgment in favor of the defendants. *See, e.g., Davis v. Klein*, 2013 WL 5780475, at *4 (dismissing excessive force claim on summary judgment because plaintiff's medical records, including an observation that plaintiff's facial appearance was "normocephalic and atraumatic," directly contradicted the version of facts plaintiff gave in his complaint and deposition testimony); *Jenkins v. Town of Greenburgh*, No. 13-cv-8845, 2016 WL 205466, at *5 (S.D.N.Y. Jan. 14, 2016) (granting defendants' motion for summary judgment on excessive force claim where medical records made no mention of plaintiff's alleged thumb injury and where only evidence supportive of that claim was plaintiff's own deposition testimony); *Bove*, 1999 WL 595620, at *6 (granting summary judgment where allegations were completely

contradicted by hospital's records and were unsupported by any evidence other than plaintiff's assertions).

Here, Defendant seeks summary judgment on Plaintiff's excessive force claim on the ground that there is no objective evidence in support of the claim. (Def.'s Mem. Supp. Summ. J. 7-10, ECF No. 52.)  In opposition, the only evidence Plaintiff has adduced are selections of his medical records and one page of the complaint.  (Pl.'s Opp'n Summ. J., ECF No. 55.) Plaintiff's medical records, however, "bluntly [and] directly contradict the version of facts plaintiff gave in his complaint as well as in his deposition." *Davis v. Klein*, 2013 WL 5780475, at *4.

Plaintiff alleges that, as a result of defendant's conduct, he sustained a permanent injury to his left leg so severe that his leg was nearly lost. (Am. Compl. ¶ IV.)  Yet, according to Plaintiff's medical records, Plaintiff was ambulatory on the day of the alleged incident. (Byrns Decl. Ex. D at NYC000188.)  In fact, he walked to the ambulance, albeit with assistance. (Byrns Decl. Ex. C at NYC000166.)  Moreover, contrary to his claims of having suffered a severe leg injury, Plaintiff's wound was documented as a three-inch "scab" on his lower leg with "minor" bleeding. (*Id.* at NYC000167.)

Plaintiff's claims that he suffered a head injury are equally unsupported.  Plaintiff testified that when Defendant pushed him, Plaintiff fell and hit his left temple and that, as a result, he was left unconscious lying in a pool of blood for approximately one hour and fifteen minutes. (Joint Dep. Tr. at 90:11-23, 92:24-93:1.)  Plaintiff offers nothing more than his own bare assertions to support these claims, and hospital records from the date of the alleged incident tell a different story.  According to his medical records, Plaintiff did not present with any head injury whatsoever.  Medical personnel at the scene did not observe any head injury and instead recorded that Plaintiff only had a "cut on [his] left leg" but otherwise, had "[n]o [m]edical

5

[p]roblem." (Byrns Decl. Ex. C, at NYC000166.)  Likewise, SUNY Downstate's records indicate that, upon examination, Plaintiff's head was "[n]ormocephalic and atraumatic." (Byrns Decl. Ex. D, at NYC000193.)  Plaintiff states that his head injury was not documented or treated because of "a cover-up by [the] U.S. government." (Joint Dep. Tr. at 124:1-14.)  There is no evidence in the record to support any alleged cover-up.

Finally, even drawing all reasonable inferences in favor of Plaintiff, the Court finds incredible that any injury sustained by Plaintiff resulted from unlawful force by Defendant.  According to his hospital records, Plaintiff complained of pain to his left knee after a "scab" fell off. (Byrns Decl. Ex. D, at NYC000189.)  That complaint is consistent with the Pre-Hospital Report, which indicates that officers reported to the EMTs that the wound on Plaintiff's leg was the result of Plaintiff picking a scab on his lower left leg. (Byrns Decl. Ex. C, at NYC000167.)  Tellingly, just three weeks after the alleged incident, while undergoing another physical examination, Plaintiff was observed by medical personnel picking the same scab until it again started bleeding. (Byrns Decl. Ex. J, at NYC009755, ECF No. 54-11.)

In short, Plaintiff has not proffered the sort of "'significant probative evidence' demonstrating that a factual dispute does in fact exist." *Phelps v. Szubinski*, 577 F. Supp. 2d 650, 662 (E.D.N.Y. 2008) (quoting *Anderson*, 477 U.S. at 249).  Accordingly, Plaintiff's excessive force claim under 42 U.S.C. § 1983 is dismissed.

II.     Excessive Force under New York Law

To the extent the Amended Complaint may be read to assert an excessive force claim under New York law, Defendant moves for summary judgment on the ground that Plaintiff failed to comply with Section 50 of New York General Municipal Law. (Def.'s Mem. Supp. Summ. J. 10-12.)  New York General Municipal Law requires that a plaintiff seeking to bring state law tort

claims against a municipality or its employees must: (1) file a notice of claim within 90 days of the incident giving rise to the plaintiff's claim; and (2) commence the action within one year and ninety days from the date upon which the cause of action first accrued. *Matthews v. City of New York*, 889 F. Supp. 2d 418, 447 (E.D.N.Y. 2012) (citation omitted). The burden is on the plaintiff to demonstrate compliance with the notice of claim requirement. *Id.* at 448. Plaintiff stated during his deposition that he never filed a notice of claim against New York City. (Joint Dep. Tr. at 19:18-23.) Further, Plaintiff's form complaint makes no mention of any notice of claim against the City. Having failed to timely file a notice of claim, any excessive force claim under New York law is dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted in its entirety.


Dated: Brooklyn, New York
       May 27, 2016


                                            SO ORDERED:

                                              S/LDH
                                            LaSHANN DeARCY HALL
                                            United States District Judge
                                            Eastern District of New York